UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES WATKINS,                     )
        Petitioner,                )
                                   )
        v.                         )   C.A. No. 08-10268-MLW
                                   )
COMMONWEALTH OF MASSACHUSETTS,     )
        Respondent.                )


MEMORANDUM AND ORDER

WOLF, D.J.                                      August 16, 2010

        Pro se petitioner James Watkins filed a Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. §2254.   Petitioner alleges

that, through lengthy delay, respondent is violating his right to

due process by denying him access to the courts.   Specifically,

petitioner alleges that the Massachusetts state courts have failed

to decide his motion to appoint counsel for his post-conviction

motions.[1]   He requests a declaratory judgment and an order

requiring the appointment of counsel.   For the reasons stated

below, the petition is being dismissed.

        Respondent moved to dismiss the petition as untimely.   The

court denied the motion.   Respondent moved for reconsideration and

filed an answer and memorandum in opposition to the petition.

        In the opposition to the petition, respondent argues that this

---

[1]The First Circuit has held that claims challenging the
constitutionality of state post-conviction procedures are
cognizable under §2254.   See Dickerson v. Walsh, 750 F.2d 150,
152-54 (1st Cir. 1984).

claim is moot and unexhausted.  The court agrees and is dismissing the petition.

This claim is moot.  Where a habeas petition challenges state post-conviction procedures, the appropriate remedy would typically be an order requiring the state to correct the constitutional defect.  See Lane v. Brown, 372 U.S. 477, 485 (1963)(holding post-conviction procedure was unconstitutional and ordering the state to correct the defect or release the prisoner); cf. Dowd v. Cook, 340 U.S. 206, 210 (1951).  Consequently, if failure to decide the motion to appoint counsel unconstitutionally restricted petitioner's access to the courts, the relief available from this court would be an order requiring the state court to restore access by deciding the motion.  Here, however, the motion to appoint counsel was in fact denied by the state Superior Court on November 16, 2007, shortly before petitioner initiated this action.  See Supp. Ans. at 17.  Accordingly, petitioner has received the relief to which he would be entitled if successful, and this claim is, therefore, moot.

Additionally, even if not moot, this claim is not exhausted.  See Dickerson, 750 F.2d at 154.  "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies . . . ."  Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007)(citing 28 U.S.C. §2254(b)(1)).  Exhaustion requires that, where possible, the claim be fairly presented to the state's

highest court, meaning "it is made in such a way that 'a reasonable jurist' would have recognized 'the existence of the federal question.'" Id. at 3 (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000)).  Methods of fair presentation include: (1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; (4) claiming violation of a right specifically protected by the federal constitution; or (5) in some situations, citations to state court decisions which rely on federal law or articulation of a claim that is practically indistinguishable from one arising under federal law.  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007).  It is "clearly inadequate to simply recite the facts underlying a state claim, where those facts might support either a federal or state claim." Id. (citing Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)).

Here, petitioner failed to exhaust his claim.  Petitioner asserts that, approximately three months before he filed this action, he filed with the Supreme Judicial Court a document entitled "Petitioner's Civil Action Complaint in Mandamus Nature," (the "Mandamus Complaint") in which he requests that the court either compel the lower court to decide his request for appointment

of counsel or order the appointment of counsel.[2]   The Mandamus
Complaint makes no reference to any provision of the constitution,
nor does it employ terms that would alert the court to the federal
constitutional claim.   The only citation (made as a passing
reference in a statement of procedural history and without
significant discussion) is to Halbert v. Michigan, 545 U.S. 605
(2005), a case involving an indigent defendant's right to counsel
on appeal under the Due Process and Equal Protection clauses rather
than the general right to access the courts articulated in cases
like Bounds v. Smith, 430 U.S. 817 (1977).   In sum, although the
Mandamus Complaint asserts that the lower court judge has a duty to
rule upon pleadings properly before him and cites one federal case,
there is nothing which would cause a reasonable jurist to recognize
the existence of the particular federal question raised in the
instant petition.   See Jackson v. Coalter, 337 F.3d 74, 86 (1st
Cir. 2003).   The petition's claim is thus unexhausted.

     Pursuant to Rule 11(a) of the Rules Governing Section 2254
Proceedings, the court must "issue or deny a certificate of
appealability [("COA")] when it enters a final order adverse to the
applicant."   Determining whether a COA should issue where the
petition is dismissed on procedural grounds includes two questions,

---

[2]Petitioner relied on the Supreme Judicial Court's authority
under M.G.L. c. 249, §5, which provides that a "civil action to
obtain relief formerly available by writ of mandamus may be
brought in the supreme judicial or superior court."

one directed at the underlying constitutional claims and one directed at the District Court's procedural holding. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). A COA may be granted where a supposed antecedent procedural bar prevented the District Court from reaching the constitutional claim if (1) the soundness of the procedural ruling is debatable, and (2) the constitutional claim is colorable. See Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002). "[B]oth showings [must] be made before the Court of Appeals may entertain an appeal." Slack, 529 U.S. at 485. Therefore, a COA will not issue if either question is answered in the negative. See id.

To meet both elements for a COA, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural rulings." Id. at 478. An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). However, the "issuance of a COA must not be pro forma or a matter of course" because Congress has "confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

The question in this case can be disposed of properly by looking only at the soundness of the court's procedural decision. See Slack, 529 U.S. at 485; Mateo, 310 F.3d at 40. The court has determined that the sole claim in the instant petition is moot and unexhausted.  No reasonable jurist can find this conclusion to be debatable.  Therefore, a COA is not being granted.

Because the court has denied a COA, petitioner may seek a COA from the court of appeals. See §2254 Rule 11(a).

Accordingly, it is hereby ORDERED that:

1.  The Petition for Writ of Habeas Corpus (Docket No. 1) is DISMISSED.

2.  The Motion to Reconsider (Docket No. 14) is MOOT.

3.  A certificate of appealability is DENIED.


_____
UNITED STATES DISTRICT JUDGE